**In re CHURCHILL COAL CORPORATION, Debtor.**

**Bankruptcy No. 81 B 11299 (EJR).**

United States Bankruptcy Court, S.D. New York.

July 6, 1983.

Helfand & Alter, New York City, for Churchill Coal Corp.

Barst, Mukamal & Babitt, New York City, for Coal Pool Management Corp.

**DECISION AND ORDER ON DEBTOR'S MOTION TO AMEND ITS SCHEDULES AND TO REMOVE A CREDITOR FROM THE CREDITORS' COMMITTEE**

EDWARD J. RYAN, Bankruptcy Judge.

On June 29, 1981 Churchill Coal Corporation (debtor) filed a petition for relief under Chapter 11 of the Bankruptcy Code. The debtor is engaged in the promotion and offering of tax shelter investments in ventures such as movies and coal mining.

Coal Pool Management Corp. (Coal Pool) is the operating manager, agent and representative of approximately twenty coal programs and partnerships which own mining rights conveyed to them by the debtor and its wholly owned subsidiary, Energy Mining Corp. Coal Pool also owns an undivided interest in each coal program and is either a general or limited partner in the above partnerships.

Coal Pool is a member of the official creditors' committee. On April 22, 1983 Coal Pool filed with this court fifteen proofs of claim against the debtor's estate on behalf of the aforementioned coal programs and partnerships.

On April 25, 1983 the debtor made a motion before this court requesting an order permitting and directing the debtor to

remove from its schedules certain creditors who have appeared by Coal Pool and for an order directing the United States Trustee to remove Coal Pool from the creditors' committee.

Coal Pool has no objection to the debtor amending its schedules. No court approval is necessary for the debtor to do so.

The debtor contends that Coal Pool is not a creditor of the debtor, and therefore Coal Pool should be removed from the creditors' committee. Pursuant to Interim Bankruptcy Rule of Procedure 3001(b)(4) the filing of a proof of claim is prima facie evidence of the validity and amount of such claim. Therefore, the motion to remove Coal Pool from the creditors' committee is premature and must be, and hereby is, denied.

It is so ordered.